**FILED**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

DEC 06 2012

DAVID CREWS, CLERK

~Christon~

Deputy

| | |
|---|---|
| **IMAGE ENTERTAINMENT, INC.** | **PLAINTIFF** |
| **v.** | **CAUSE NO.** _1:12cv257-A-S_ |
| **WOOD SALES, INC.,**<br>**WINGFIELD & NAIL ENTERPRISES, INC.,**<br>**and DOES 1-10,** | **DEFENDANTS** |

### COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) CONTRIBUTORY
### COPYRIGHT INFRINGEMENT; and (3) CONVERSION

COMES NOW the Plaintiff, Image Entertainment, Inc. ("Plaintiff" or "Image"), by and through its undersigned counsel of record, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., and for its cause of action would show and state as follows:

### THE PARTIES

1.    Image is a Delaware corporation with its principal place of business in Los Angeles County, California.

2.    On information and belief:

     a.    Wood Sales, Inc. ("Wood") is a Mississippi corporation with its principal place of business in Golden, Mississippi.

     b.    Wood can be served with process through its registered agent Duncan Lott, 100 South Main Street, PO Box 382, Booneville, Mississippi 38829.

     c.    Wingfield & Nail Enterprises, Inc. ("Wingfield") is a Texas corporation with its principal place of business in Denison, Texas.

    d.    Wingfield can be served with process through its registered agent R. Wingfield, 2417 S. Austin, Denison, Texas 75020.

3.    Plaintiff is presently unaware of the true names and/or the involvement of the defendants sued herein by the fictitious designations Does 1-10, and for that reason sues them by those designations. Plaintiff will seek leave of Court to amend this pleading to identify those defendants when their true names and involvement in the infringements and other tortious conduct hereinafter described are known.

**JURISDICTION AND VENUE**

4.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), insofar as it arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* This Court has supplemental jurisdiction of plaintiff's State law claims under 28 U.S.C. § 1367(a), insofar as they are so related to plaintiff's other claims that they form part of the same case or controversy. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.    Venue is proper in this District under 28 U.S.C. §1391(b) insofar as at least one defendant resides in this District or, alternatively, under 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. §§ 1391 (b) or 1400, insofar as at least one defendant may be found here.

**BACKGROUND FACTS**

6.    Plaintiff, Image Entertainment Inc., is known as one of the leading home entertainment acquisition and distribution companies in the nation and is the exclusive distributor for many well known films and television series.

2

7.    Plaintiff acquires exclusive licenses and distribution rights from third party copyright holders to market, replicate, distribute and otherwise exploit the copyright to a variety of entertainment properties ("Image Programs"). One element of Image's business is the distribution of DVD's of the Image Programs.

8.    On information and belief, Arvato Digital Services, LLC is an international outsourcing service provider that, among other things, is in the business of replicating and producing entertainment materials for companies in order for them to fulfill certain distribution needs.

9.    On information and belief, United Inventory Service, Inc. (UIS) is essentially a recycling company that specializes in various materials including plastics.

10.    On information and belief, Defendant Wood is primarily engaged in wholesale sales of various equipment, industrial supplies and other products.

11.    On information and belief, Defendant Wingfield is in the business of DVD rentals and sales and has substantial, continuous and systematic contacts with the state of Tennessee.

12.    In June of 2006, Plaintiff entered into a contract with Sonopress LLC, the predecessor in interest to Arvato (the "Arvato Agreement") for the purpose of replication/product supply, and by subsequent amendment, distribution and inventory management.

13.    During the term of and pursuant to this contract, Plaintiff and Arvato implemented an inventory destruction template (the "Destruction Guidelines") which laid out in precise detail how Arvato would go about inventory destruction if and when the time came that Plaintiff required such a procedure to take place.

14.    On or about October 31, 2008, pursuant to the terms of the Arvato Agreement and the Destruction Guidelines, Plaintiff notified Arvato that approximately five hundred thousand

3

(500,000) units of Image DVD inventory needed to be destroyed based on the terms of various contracts Plaintiff had regarding certain titles.

15.     Arvato supposedly followed these procedures and destroyed all of the units of DVD inventory that Plaintiff requested be destroyed.

16.     On or about November 6, 2008, Plaintiff received from Arvato written confirmation, in the form of certificates of destruction ("COD's"), indicating that the 500,000 units of DVD inventory (the "Image Units") were destroyed by Arvato.

## DEFENDANTS' UNLAWFUL CONDUCT

17.     Unbeknownst to Plaintiff, and in complete breach of the terms of the Arvato Agreement and the Destruction Guidelines, Arvato in fact did not destroy the Image Units as originally indicated in the certificates of destruction provided to Plaintiff.

18.     Arvato shipped the Image Units to UIS Polymers, supposedly with the intent that UIS would do the destruction of the inventory instead.

19.     Subsequently, on or about January 14, 2009, instead of destroying the Image Units, UIS sold the Image Units to Wood Sales Company.

20.     Wood Sales Company in turn sold the Image Units to Wingfield & Nail. Wingfield & Nail then began selling the Image Units via the digital marketplace for a profit.

21.     Plaintiff was completely unaware of these sales until it was sued by the copyright holder in one of the titles that was supposed to be destroyed and found out through deposition testimony in December of 2011 that these 500,000 units were obviously never destroyed.

4

## FIRST CLAIM FOR RELIEF
### (For Copyright Infringement)

22.     Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 21 if set forth fully herein.

23.     Plaintiff had the exclusive rights and was the sole distributor with regards to various titles that Plaintiff obtained through various distribution and acquisition agreements.

24.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the copyrighted works without the consent or authority of Plaintiff, thereby directly infringing Plaintiff's exclusive rights.

25.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501 *et seq*.

26.     The infringement of Plaintiff's exclusive rights in and to each unit of Plaintiff's titles constitutes a separate and distinct act of infringement.

27.     The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the exclusive rights of Plaintiff.

28.     As a direct and proximate result of this unlawful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill as evidenced from a lawsuit which arose due to Defendants' breaches. Plaintiff is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

5

29.     Alternative to actual damages plus Defendants' profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringed unit, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

30.     Defendants have caused and, unless enjoined and restrained by this court, will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

31.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

32.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 31 as if set forth fully herein.

33.     To the extent not done directly, each Defendant has engaged in the business of knowingly inducing, causing, and/or materially contributing to the unauthorized reproduction, adaption, public display, and/or distribution of copies of Plaintiff's exclusive rights to the copyrighted works by one or more of the others, and thus to the direct infringement of Plaintiff's distribution rights to various film titles.

34.     To the extent not done directly, each Defendant's conduct constitutes contributory infringement of Plaintiffs copyrights and exclusive rights under copyright in the copyrighted works in violation of 17 U.S.C. §§ 106 and 501.

35.     The infringement of Plaintiff's rights in and to each of the various film titles constitutes a separate and distinct infringement.

36.     The acts of infringement by each Defendant have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Plaintiff, and may constitute violations of 18 U.S.C. § 2319.

37.     As a direct and proximate result of the infringements by Defendants of Plaintiff's exclusive rights under copyright in the copyrighted works, Plaintiff is entitled to actual damages and each Defendant's profits pursuant to 17 U.S.C. § 504(b).

38.     Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each infringed unit, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c).

39.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
### (Conversion)

40.     Plaintiff repeats, realleges and incorporates by reference the allegations in Paragraphs 1 through 39 as if set forth fully herein.

41.     Defendant Wood appropriated Plaintiff's property to its own use and benefit by the intentional exercise of dominion over the Image Units in defiance of Plaintiff's rights.

42.     Defendant Wingfield appropriated Plaintiff's property to its own use and benefit by the intentional exercise of dominion over the Image Units in defiance of Plaintiff's rights.

43.     Defendants Wood and Wingfield were reckless in failing to discover that UIS had converted the Image Units and as such punitive damages are warranted.

## PRAYER

**WHEREFORE**, Plaintiff Image Entertainment, Inc. prays for judgment as follows:

1.     On the First and Second Claims for Relief for Copyright Infringement against Defendants:

> That Defendants, and each of them, be required to pay plaintiff such damages as plaintiff has sustained in consequence of Defendants' infringements of Plaintiff's exclusive rights to the copyrighted material, including but not limited to the injury to the value of Plaintiff's property, and all other damages sustained by Plaintiff, and to account for an pay to Plaintiff all gains, direct and indirect profits and advantages derived by Defendants by reason of their infringements, or, at Plaintiff's election, statutory *in lieu* damages against Defendants, jointly and severally, of at least $150,000 or such greater amount as may be permitted by law, all according to proof;

2.     On the Third Claim for Relief for Conversion against Wood and Wingfield, compensatory and punitive damages according to proof;

3.     For pre-judgment and post-judgment interest on all sums awarded;

4.     For Plaintiff's cost of suit and its attorney's fees;

5.     Injunctive relief as appropriate under the law;

6. Impounding of any Image Units still in possession of the Defendants, or any of them, and reasonable disposition of same upon entry of judgment pursuant to 17 U.S.C. 503 (a) and (b); and

7. For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

**GLASSMAN, EDWARDS, WYATT, TUTTLE & COX, P.C.**

*COUNSEL FOR PLAINTIFF*

BY:

TODD B. MURRAH (Bar #8874)
26 North Second Street
Memphis, Tennessee 38103
(P: 527-4673)
(F: 521-0940)
tmurrah@gewwlaw.com
(OUR FILE: #12-574M)